[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus in which it is alleged that the respondent has improperly calculated petitioner's maximum CT Page 14897 release date by failing to credit him with jail credit and good time credit to which he is entitled under the law. It is further alleged that as a result of this failure petitioner's eligibility for level reduction and released to a halfway house will be delayed and he will be exposed to incarceration beyond his legal sentence. Respondent has denied these allegations.
For reasons hereinafter stated, the petition is dismissed.
From the evidence it is found that on or about September 10, 1989, petitioner was arrested and charged with assault in the first degree and other charges. On October 26, 1989, the victim of the assault, having died, petitioner was arrested on a charge of felony murder in violation of C.G.S. § 53a-54c. The new arrest was prosecuted under a different docket number. On September 20, 1990, after a conviction based upon a plea, petitioner was sentenced to the custody of respondent for a period of thirty years. At the time of trial, petitioner was in the custody of respondent serving this sentence.
Petitioner claims that he has not been given credit for all of the jail credit and good time credit for which he is entitled. His argument is that if the credit were applied to reduce his sentence when he was first sentenced on September 21, 1990, his estimated release date would be reduced by one year or more. A review of the evidence clearly indicates that petitioner has failed to prove that he has been denied the credits to which he is entitled under the law.
From the evidence, it is found that when petitioner first came into the custody of the Department of Correction to serve the thirty year sentence his maximum release date was September 19, 2020. It is also found that on February 27, 1991, petitioner was credited with 329 days jail credit and 109 days good time. This was for pretrial confinement for which petitioner was unable to post bond. After a motion for sentence modification was granted, a corrected mittimus was issued and petitioner was awarded 45 days jail credit and 15 days good time on October 1, 1999.
According to respondents calculations, as of November 1, 2001, petitioner's maximum release date was December 4, 2014 and his estimated release date was March, 2011. It is found that these dates are correct and that petitioner has been granted all of the credits to which he is entitled to under the law.
It is also found that the estimated release date used by respondent is an estimate only and is subject to modification. It is also found that the release date is only one factor in determining eligibility for level CT Page 14898 reduction and release to halfway house programs.
Accordingly, the petition for writ of habeas corpus is dismissed.
Joseph J. Purtill, Judge Trial Referee